[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13772

_____

D.C. Docket No. 1:13-cv-01842-AT

RAFAEL SOLORIO PINEDA,

Petitioner - Appellant,

versus

WARDEN, CALHOUN STATE PRISON,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 21, 2015)

Before WILSON and MARTIN, Circuit Judges, and HODGES,* District Judge.

MARTIN, Circuit Judge:

_____

* Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

Rafael Pineda, serving a thirty-year sentence for trafficking in cocaine, appeals the District Court's denial of his petition for habeas corpus under 28 U.S.C. § 2254.  After a jury found him guilty, Mr. Pineda moved for a new trial, alleging that his trial counsel was ineffective for failing to perfect a motion to suppress key evidence.[1]  He claims that the evidence supporting his conviction was discovered only through an unconstitutional search and seizure, meaning that it would have been excluded at trial had counsel effectively represented him.

The search of Mr. Pineda's apartment was aided by a misstatement made by the investigating police officers.  Specifically, those officers gained entry to Mr. Pineda's apartment by telling the property manager that they had observed through a window that the apartment was abandoned.  However, evidence at trial revealed that the apartment's layout made it impossible for the officers to have seen anything.  Responding to contact by the officers, the apartment manager immediately decided to inspect the unit, and asked the officers to go with her for safety.  The officers' false statement was the primary motivation for her search.  And it was during that search that the officers discovered the strongest evidence of Mr. Pineda's guilt.

---

[1] An ineffective assistance of counsel claim requires a showing that (1) counsel performed deficiently; and (2) the defendant was prejudiced by counsel's performance.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

Despite the actions of the police in inducing the search, we must apply the appropriate standard of review.  Given the double deference we must afford the Georgia Court of Appeals' decision, Mr. Pineda is not eligible for habeas relief.[2]

## BACKGROUND

The critical facts of the search at issue are best summarized by the Georgia Court of Appeals:

> In January 2009, members of the Sandy Springs Police Department's Crime Suppression Team began an investigation of possible drug activity at a house on Angus Trail.  On February 12, officers observed a Nissan Murano park in the house's driveway and then leave about 20 minutes later.  Officers followed the car and conducted a traffic stop at the entrance to the Glen Lake Apartments complex.  The driver of the car, Antonio Borja, was placed under arrest and, during a search of the car, officers found a garage door remote control that belonged to Apartment 6859-B in the Glen Lake complex ("the Glen Lake apartment").  The apartment was leased to [Mr. Pineda's] aunt, and [Mr. Pineda], and two of his cousins were named as occupants.  A few days after Borja's arrest, officers went to the Glen Lake apartment, knocked on the door, and, after receiving no response, looked through a window and observed no furniture in the apartment.[3]  They went to the leasing office and told the complex's manager what they had done and observed, and the manager went with them to determine, as required by her job responsibilities, whether the lessee had, in fact, moved out of the apartment without giving notice.
>
> The manager unlocked the apartment's door and had the officers enter in front of her for her safety.  As they entered, they immediately smelled a "stench" that smelled like rotten food.  The

---

[2] Our holding today is limited to this case's procedural context, and should not be construed as a holding that the police's search would be constitutionally valid in any case other than a petition brought under § 2254.

[3] Again, the trial court's finding was that the officers could not have possibly observed anything through Mr. Pineda's apartment window.

electricity to the apartment had been turned off, and there was rotting food in the refrigerator.  There was no one in the apartment, nor were there any clothes or personal items, and the only things left behind were a disheveled sofa, a disassembled bed, and scattered trash.  On top of the refrigerator, officers found a cereal box in which they discovered a wrapped kilogram of cocaine hidden beneath some cereal.  The officers also discovered four separately packaged kilograms of cocaine in the garage.  The cocaine and some of the abandoned items were seized and examined for fingerprints.  A partial fingerprint that matched [Mr. Pineda's] "pinky" finger was found on the package of cocaine that had been hidden in the cereal box.  Investigators secured an arrest warrant for [Mr. Pineda] and, about five weeks later, they discovered that [his] aunt was renting an apartment in DeKalb County.  At the end of March 2009, the investigators went to the aunt's new apartment, where they found and arrested [Mr. Pineda].

A jury convicted Mr. Pineda of drug trafficking.  He then hired different counsel and filed a motion for a new trial, alleging that trial counsel was ineffective for failing to suppress the cocaine evidence.  The trial court held an evidentiary hearing, after which it denied Mr. Pineda's motion on the grounds that counsel's strategic decision to distance Mr. Pineda from the cocaine was reasonable and Mr. Pineda suffered no prejudice.  The Georgia Court of Appeals affirmed.  It explained that trial counsel was not deficient, and Mr. Pineda lacked standing to challenge the search, so counsel's failure to perfect the motion to suppress did not prejudice him.  The court did not analyze the reasonableness of the search, because that issue was mooted in light of its holding on standing.

Mr. Pineda filed a § 2254 petition.  The District Court adopted the Magistrate Judge's Report and Recommendation (R&R), and dismissed Mr.

4

Pineda's petition because the Georgia Court of Appeals' decision was entitled to deference.  The District Court issued a certificate of appealability on its deference analysis.  The District Court noted concern with trial counsel's failure to challenge a critical constitutional violation as well as the police officers' obvious misrepresentation that induced the search of Mr. Pineda's apartment.

## ANALYSIS

Our resolution of this appeal turns on whether the Georgia Court of Appeals' decision is entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, a state court's determination is not entitled to deference if it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).[4]  Under the deferential standard, a state court's determination that a claim lacks merit bars

---

[4] To receive deference, a state court's decision must also be "on the merits."  28 U.S.C. § 2254(d).  The Georgia Court of Appeals did not evaluate the constitutionality of the officers' search.  Because the court concluded that Mr. Pineda lacked standing to challenge the search— meaning he could not have been prejudiced by trial counsel's inaction—it concluded that the question of the search's constitutionality was moot.  Contrary to Mr. Pineda's assertion, the state court need not analyze every separate part of an ineffective assistance claim for its determination to be on the merits.  Here, the state court engaged in both prongs of the ineffective assistance analysis, making its decision "on the merits" for purposes of § 2254(d).  Cf. Ferrell v. Hall, 640 F.3d 1199, 1224–25 (11th Cir. 2011) (noting that the state court denied a petitioner's claim on only the first Strickland prong, and reviewing the second prong de novo).

federal habeas relief unless no "fairminded jurists" could agree with the court's decision.  See Harrington v. Richter, 562 U.S. 86, 101, 131 S. Ct. 770, 786 (2011).

I.    The Georgia Court of Appeals' Decision Did Not Involve an Unreasonable Interpretation of the Facts

Mr. Pineda claims that the Georgia Court of Appeals' decision is not entitled to deference because it involved three unreasonable determinations of fact.  He alleges these errors: (1) determining that the officers looked into the apartment, despite the fact that the trial court had found that was impossible; (2) determining that Mr. Pineda had abandoned his apartment; and (3) concluding that the property manager entered the apartment as part of her job and took the officers along for safety, when she was really acting as an instrument of the government.

On error one, Mr. Pineda correctly points out that the Georgia Court of Appeals made an incorrect and unreasonable factual finding about the officers' view of the apartment.  The trial court found that such a view was physically impossible.  However, the appeals court's order remains sufficiently supported even without this evidence.  The District Court reached a similar conclusion: though the statement about the officers' observation was error, the Georgia Court of Appeals' order is entitled to deference because it can be based on reasonable factual determinations, notwithstanding any evidence allegedly seen through the window.  See Gill v. Mecusker, 633 F.3d 1272, 1292 (11th Cir. 2011) (asking whether the state court's ultimate conclusion can rest on a sufficient factual basis

6

apart from any erroneous factfindings).  The finding about the officers' purported view could only have impacted an analysis of the search's constitutionality under the prejudice prong of Strickland.  The Georgia Court of Appeals never reached that question because Mr. Pineda lacked standing.  As discussed below, reasonable jurists could agree that Mr. Pineda abandoned the apartment and therefore did not have standing to challenge the constitutionality of the search.  This factual error does not impact the outcome of his appeal.

Alleged errors two and three were not unreasonable determinations of fact. Reasonable jurists could conclude that Mr. Pineda had abandoned his apartment at the time the property manager opened the door because there was a smell of rotting food, the electricity was off, he had given away his garage access remote, he lived in another apartment, and there was almost no remaining furniture or property in the apartment.  Similarly, reasonable jurists could conclude that the property manager entered the apartment as part of her job, and not solely to assist with the officers' investigation.  The property manager testified that she made clear to tenants that she had the right to enter apartments at any time to check for abandonment, and that she made the decision herself to enter Mr. Pineda's apartment, asking the officers to accompany her for safety purposes.  The manager also testified that she has a policy of investigating abandoned apartments, and that she had suspicions about Mr. Pineda's apartment for some time.  Despite strong

7

evidence suggesting that the manager's search was motivated by the officers' misrepresentation, there is enough evidence in the record to support the conclusion that she had an interest separate from that of the officers in entering the apartment and asked them to accompany her solely for safety.

II.    The Georgia Court of Appeals' Decision Was Not an Unreasonable Application of Supreme Court Precedent

Mr. Pineda next claims that the Georgia Court of Appeals' decision should not be given deference because it was an unreasonable application of Strickland. Mr. Pineda argued that his trial counsel was ineffective for not perfecting a motion to suppress cocaine found in his former apartment. To succeed on that claim, Mr. Pineda must show that his counsel was deficient, and that he was prejudiced as a result. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. The prejudice must be such that the result of his proceeding would have been different but for counsel's error. Id. In the context of a motion to suppress, this means that he must make a "strong showing" that the evidence would have been suppressed had counsel properly filed a motion. "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards . . . are both highly deferential, and when the two apply in tandem, review is doubly so." Harrington, 562 U.S. at 105, 131 S. Ct. at 788 (quotations omitted).

The Georgia Court of Appeals reasonably determined that trial counsel was not deficient for failing to challenge the cocaine evidence. To show that trial

8

counsel was deficient, Mr. Pineda must establish that counsel made errors so serious that she was not functioning as the "counsel" guaranteed by the Constitution.  Strickland, 466 U.S. at 687, 106 S. Ct. at 2064.  We review counsel's performance under a "highly deferential" standard, asking whether her decision was outside the range of competent counsel, considering the conduct from her perspective at the time.  Id. at 689–90, 106 S. Ct. at 2065–66.

At the hearing on Mr. Pineda's motion for a new trial, trial counsel testified that she did not challenge the evidence because she did not think Mr. Pineda would have standing, and because her trial strategy was to convince the jury that Mr. Pineda did not live in the apartment and therefore could not have owned the cocaine.

Reasonable jurists could agree that the first reason trial counsel gave for her decision—that Mr. Pineda lacked standing—was within the range of competent representation.[5]  The Georgia Court of Appeals noted that trial counsel knew that Mr. Pineda had not lived in the apartment for several weeks; that he had a new lease with his aunt at another apartment; and that he had given away his garage remote and had no access to the apartment.  The court concluded that counsel's

---

[5] In contrast, trial counsel's second reason—not wanting to jeopardize her chosen trial strategy—was unreasonable.  As the District Court correctly explained, trial counsel could have challenged the search in a separate hearing that would not have been admissible at trial.  See Simmons v. United States, 390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968).  Thus, a decision to not challenge the search solely to avoid sacrificing her trial strategy would have been deficient performance.

9

inaction "was the result of conscious, reasonable strategic decisions she made . . . on the defendant's undisputed statements to her."

The Magistrate Judge concluded that trial counsel's decision was "based . . . on a misunderstanding of the law, i.e., her failure to recognize that petitioner had standing to challenge the search as a trespass based on his property interest in the apartment." Similarly, the District Court found that trial counsel's performance was "unreasonably deficient," and that her "failure to recognize [Mr. Pineda's property interest as a] basis for standing to challenge the search does not support a finding that her failure to pursue the suppression motion was a reasonable strategic decision." Both judges cited United States v. Jones, 565 U.S. ___, ___, 132 S. Ct. 945, 949, 952 (2012), for the proposition that Mr. Pineda had standing under the common-law trespassory test because his rent was paid through the end of the month.

First, Jones was issued in November 2012, more than two years after Mr. Pineda's trial in August 2010. We would not find counsel deficient for failing to anticipate the Supreme Court's clarification of the then-binding "reasonable expectation of privacy" test from Katz v. United States, 389 U.S. 347, 88 S. Ct. 507 (1967). See United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) ("In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective

10

assistance of counsel."). Expecting trial counsel to have anticipated Jones was error.

Second, and most importantly, standing to challenge a trespass can be lost by way of abandonment. Both the Magistrate Judge and the District Court impliedly assumed that standing was automatic if Mr. Pineda maintained his possessory interest in the apartment. This is simply not an accurate statement of law. Even though he had paid rent, Mr. Pineda could (and likely did) abandon his possessory interest in a way that would eliminate his standing to challenge the fruits of the search. See United States v. Brazel, 102 F.3d 1120, 1147–48 (11th Cir. 1997) (evaluating whether a tenant maintained a legitimate expectation of privacy in a leased apartment); see also 1 Wayne LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 2.3(a) (5th ed. 2014) ("The question of abandonment for Fourth Amendment purposes does not turn on strict property concepts but on whether the accused has relinquished his interest in the property. . . . This principle has been applied to find abandonment where a tenant has left residential premises even though he may retain the lawful right to possession." (quotation omitted)). Trial counsel did not unreasonably misunderstand the law; rather, she correctly understood that a person can abandon his possessory interest in a way that eliminates his standing to challenge a search.

11

Both the Magistrate Judge's R&R and the District Court's Order collapse the question of whether Mr. Pineda abandoned his apartment for purposes of standing with the analysis of whether the search was constitutional because the apartment was abandoned.  Our analysis of abandonment for <u>standing</u> purposes looks to the totality of the circumstances, asking whether the property was in fact abandoned at the time of the search.  In contrast, when determining whether a search was reasonable, we review abandonment from the limited perspective of the officer at the time of the search.  LaFave, § 2.3(a) at n.10 ("When the question is one of standing, the perspective of the inquiry regarding the abandonment changes.  The object of measurement shifts from reasonable appearances to historic reality.  What finally matters shifts from what the policeman reasonably believed out on the street to what the suppression hearing judge ultimately knows in the courtroom." (quotation omitted)).

The R&R explains that Mr. Pineda had a possessory interest in the property because his rent was current, but then analyzes abandonment from the officers' perspective.  The District Court did not make an explicit finding about standing, but it evaluated abandonment by looking to what a reasonable officer would have known at the time of the search—an analysis reserved for the merits, not for standing.  This was error.

12

Had trial counsel sought to suppress the apartment search, the court would have weighed Mr. Pineda's ongoing possessory interest with other evidence of his abandonment. As Mr. Pineda points out, trial counsel had additional (and privileged) information that she learned from speaking with him, including that he had moved out of the apartment 8–10 weeks earlier and that he had no access to the apartment because he gave his entry remote to his friend. Though this precise information may not have been admissible at trial, the government did have access to similar evidence. This includes the condition of the apartment at the time of the search, Mr. Pineda's new address where he was arrested, and the fact that another person was in possession of the remote assigned to Mr. Pineda's old apartment. Even assuming that the government had no additional evidence, this would have been enough for the trial court to conclude that Mr. Pineda had "voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." United States v. Lehder-Rivas, 955 F.2d 1510, 1522 (11th Cir. 1992) (emphasis omitted) (quotation omitted) (analyzing standing). See also United States v. Ramos, 12 F.3d 1019, 1024–25 (11th Cir. 1994) (evaluating the same question in the context of a leased condominium and concluding that officers had the right to be in the abandoned premises, but not to open a locked briefcase found inside).

13

It is certainly possible that Mr. Pineda's trial counsel could have argued against abandonment, leading the trial court to find he had standing. But that is not the analysis we must conduct under AEDPA. Rather, on these facts, we must only conclude that reasonable jurists could agree that counsel was not deficient when she did not perfect a motion to suppress because she thought Mr. Pineda lacked standing. Because the Georgia Court of Appeals reasonably determined that trial counsel rendered sufficient performance, we affirm the District Court's order dismissing Mr. Pineda's habeas petition.[6]

AFFIRMED.

---

[6] Because Mr. Pineda did not make a sufficient showing on the performance prong, we need not reach the question whether the Georgia Court of Appeals' prejudice determination involved an unreasonable application of Supreme Court precedent. Strickland, 466 U.S. at 697, 106 S. Ct. at 2069.

14